**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| IKORONGO TECHNOLOGY LLC AND IKORONGO TEXAS LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>LYFT, INC.,<br><br>        Defendant. | Civil Action No. 6:20-cv-258-ADA<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF JULIA RIESSEN

I, Julia Riessen, hereby declare as follows:

    1.    I am employed as a Director of HR Operations by Defendant Lyft, Inc. ("Lyft") in San Francisco, California. I have been employed by Lyft since August 20, 2015.

    2.    I submit this declaration in support of Lyft's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a). Unless otherwise indicated below, the statements in this declaration are based on my personal knowledge, my review of records maintained by Lyft, and discussions with Lyft employees. If called upon as a witness, I could and would testify competently under oath.

    3.    Lyft's principal place of business and headquarters is located at 185 Berry St., Suite 5000, San Francisco, CA 94107. As of September 2020, Lyft has more than 2,000 employees who are based out of its San Francisco headquarters.

    4.    In addition to its San Francisco headquarters, Lyft employs Tech (*i.e.,* science, engineering, product management, and product design) employees based out of its Palo Alto, California and Seattle, Washington offices. The vast majority of Lyft's Tech organization responsible for Lyft's rideshare platform in the United States are based out of the San Francisco

and Seattle offices.  More than 550 Lyft employees work in Lyft's rideshare Tech organization in the San Francisco Bay Area and more than 100 more work in the Seattle office, representing approximately 90% of Lyft's United States rideshare Tech organization.

5. I understand that Ikorongo Technology LLC and Ikorongo Texas LLC (collectively, "Ikorongo" or "Plaintiffs")  filed a patent infringement action against Lyft in the Western District of Texas and are asserting claims from U.S. Patent Nos. RE45,543 and RE47,704.

6. I understand that Ikorongo alleges Lyft infringes its patent claims through the functionality for sharing route info with an in-app link ("Accused Functionality").

7. All of Lyft's employees who conceptualized and are most knowledgeable about the research, design, and development of the Accused Functionality are based out of Lyft's San Francisco, California headquarters.

8. Mr. Rohan Dhaimade is a Senior iOS Engineer at Lyft.  Mr. Dhaimade is based out of Lyft's San Francisco, California headquarters.  Mr. Dhaimade and his colleagues are responsible for the research, design, and development of the Accused Functionality.  The research, design, and development associated with the Accused Functionality was handled by employees based out of Lyft's San Francisco, California headquarters.  All Lyft engineers who currently work on the Accused Functionality are based out of Lyft's San Francisco, California headquarters.  None are based out of Texas.

9. All of the Lyft employees most knowledgeable about the product strategy and financial records related to the Accused Functionality are based out of the San Francisco office.

10. Ms. Naomi Yarin is a Product Manager at Lyft.  Ms. Yarin is based out of Lyft's San Francisco, California headquarters.  Ms. Yarin and her colleagues are responsible for the product development and launch of the Accused Functionality.  Ms. Yarin and her colleagues also contribute to the concept design and promotion of features related to Lyft applications, software, and services.  Ms. Yarin is knowledgeable of the Accused Functionality as it relates to

Lyft applications, software, and services. All Lyft employees on her team who contributed to the concept design and launch of the Accused Functionality are based out of Lyft's San Francisco, California headquarters. None are based out of Texas.

11. Mr. Jeff Tran is a Senior Director of Financial Analytics at Lyft. Mr. Tran is based out of Lyft's San Francisco, California headquarters. Mr. Tran and his colleagues are most knowledgeable about financial and accounting records for the rideshare platform of the Lyft App. Primary financial and accounting operations for the rideshare platform of the Lyft App is handled by employees based out of Lyft's San Francisco, California headquarters. None are based out of Texas.

12. I understand that unique relevant working files, electronic and physical paper documents concerning the conception and development of the Accused Functionality would reside on local computers utilized by Lyft employees or with employees based out of Lyft's San Francisco headquarters. To my knowledge, Lyft does not have any unique working files or documents related to the Accused Functionality located in Texas.

13. Lyft's rideshare applications, software, and services incorporate certain mapping and navigation features developed by Google, LLC; for example, Lyft rideshare applications, software, and services incorporate mapping functions from Google Maps, provided by Google, LLC, and mapping and navigation features from Waze, now owned by Google, LLC. I understand that Google, LLC is based in Mountain View, California.

14. Lyft has no corporate offices in Texas or any Tech offices in Texas. Lyft's only locations in Austin, Texas are a Driver Office and a Service Center, which employ approximately 11 and 22 Lyft employees, respectively. Lyft's only location in San Antonio, Texas is a Driver Office which employs approximately 3 Lyft employees. Lyft has no offices or facilities in Waco, Alpine, Del Rio, El Paso, Fort Hood, Midland-Odessa, or Pecos, Texas.

15. Lyft's Driver Centers in Austin and San Antonio provide in-person community support, bilingual services, or vehicle servicing to Lyft drivers. None of these employees at

these locations worked on the research, design, development, or marketing of the Accused Functionality, or Lyft's financial operations.

16. I am not aware of any Lyft employee located in Texas who has ever worked on the research, design, development, or marketing of the Accused Functionality, or to Lyft's financial operations.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.

Dated: September 11, 2020

*/s/ Julia Riessen*

Julia Riessen