UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IKORONGO TECHNOLOGY LLC and IKORONGO TEXAS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> LYFT, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 6:20-cv-00258-ADA <br><br> **JURY TRIAL DEMANDED** |

## <u>LYFT, INC.'S OPPOSED MOTION TO STAY PENDING TRANSFER</u>

Defendant Lyft, Inc. ("Defendant") respectfully moves for a stay pending decision on the motion to transfer (ECF No. 30). A stay will promote judicial economy, allowing the Court to decide all issues of transfer before spending resources on proceedings that may have to be redone in the Northern District of California. With the *Markman* hearing over two months away, and appellate guidance regarding measures that parties should take to prioritize transfer, Lyft respectfully requests to stay this case pending a decision on Lyft's motion to transfer.

**I.     BACKGROUND**

On March 31, 2020, Ikorongo filed suit against Lyft, alleging infringement of U.S. Patent Nos. RE45,543 (the '543 Patent) and RE47,704 (the '704 Patent) (collectively, the "Asserted Patents"). Compl., ECF No. 1; *see also* ECF No. 2 (amended complaint). The Asserted Patents relate to software whereby users share geographic location data with a group of others users using mobile devices. Am. Compl., ECF No. 2. Ikorongo alleges that Lyft infringes the Asserted Patents in connection with the ability of its riders and drivers to share location information via smartphone software (including software and apps from third-party Google), and to request or provide rides. *Id.*

1

Lyft answered Ikorongo's Complaint on June 12, 2020.  ECF No. 15.  Plaintiffs filed their notice of readiness on June 15, 2020 and the Court cancelled the Case Management Conference on August 13, 2020.  ECF No. 27.  At that time, the Court set the *Markman* hearing in this case for February 5, 2021, more than two months away.  The Court has issued a scheduling order, which was most recently amended on November 13, 2020.  ECF No. 44.  Fact discovery has not yet opened in this matter.  *Id.*

On November 25, 2020, Lyft asked Ikorongo for its position on the instant motion. Ikorongo responded on December 3, 2020 that it opposes the stay request.

## II.    THE CASE SHOULD BE STAYED PENDING A DECISION ON TRANSFER

### A.    The Court Has Inherent Authority to Stay this Case

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.") (citations omitted).

The Federal Circuit, Fifth Circuit and District Courts have all recognized the importance of staying cases during the pendency of transfer motions as a means of upholding 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *In re Google Inc.*, 2015 WL 5294800 at *1-2 (Fed. Cir. 2015) (nonprecedential) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter); *see also In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (nonprecedential) (noting "a trial court must first address whether it is a proper and

convenient venue before addressing any substantive portion of this case"); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding a stay of "merits-related discovery [was appropriate] pending ruling on a motion for change of venue."); *DSS Tech., Mgmt. Inc., v. Apple Inc.*, No. 6:13-cv-919, ECF No. 83 (E.D. Tex. Oct. 28, 2014); *see also Klein v. Silversea Cruises, Ltd.*, No. 3:14-cv-2699-G-BN, 2014 WL 7174299 (N.D. Tex. Dec. 16, 2014) (granting motion to stay pending resolution of defendant's motion to transfer venue).

Most recently, the Federal Circuit applied Fifth Circuit law to instruct that "once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, No. 2020-135, 2020 WL 6554063, at *2 (Fed. Cir. Nov. 9, 2020); *see also In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the . . . District Court."). Indeed, in *In re Apple Inc.*, 456 F.App'x 907, 908 (Fed. Cir. 2012) (non-precedential), the Federal Circuit encouraged Apple to employ a "strategy to pressure the district court to act" to have the motion for transfer handled at the outset of litigation). *See also In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, at *1 (Fed. Cir. Jan. 6, 2010) (non-precedential) (faulting VTech for not "actively and promptly" pursuing its motion to transfer before the District Court invested time on discovery and claim construction); *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (non-precedential) (explaining that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case"); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (acknowledging the "importance of addressing motions to transfer at the outset of litigation").

Given that moving forward with a *Markman* hearing and claim construction order before deciding Lyft's motion to transfer would prioritize other proceedings over the pending transfer

motion, this Court should exercise its inherent authority to stay the case. *In re Apple Inc.*, 2020 WL 6554063, at *7.

### B. All Relevant Factors Favor a Stay Pending a Decision on Transfer

In this District, courts typically consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Here, all three factors favor a stay.

#### 1. Factor One: A Stay Will Not Prejudice Ikorongo

Ikorongo will not suffer any prejudice if the case is stayed. First, Lyft is seeking a stay of a limited duration, only until the Court rules on the motion to transfer. Ikorongo cannot claim prejudice based merely on an alleged delay in vindicating its patent rights—such alleged prejudice is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, alone, to defeat a stay motion." *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also Klein*, Civ. No. 3:14-cv-2699-G-BN, ECF No. 25 at 3 (citing *Enplanar*, 11 F.3d at 1291) (explaining plaintiff could not show it would be prejudiced by a limited stay pending resolution of a motion to transfer because there was little risk of loss of documents or unavailability of witnesses). Second, to the extent damages are awarded at all, Ikorongo could "be adequately compensated through a damages remedy" and thus cannot show undue prejudice from a stay. *See NFC Tech.*, 2015 WL 1069111, at *5 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). And prejudgment interest can be awarded to compensate for any delay in the payment of alleged damages. *See Raytheon Co. v. Samsung Elecs. Co.*, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016).

### 2. Factor Two: Lyft will Suffer Hardship Absent a Stay

Moving forward now with claim construction in this case risks a waste of judicial and party resources that the Federal Circuit warned against in *In re Apple* and *In re Google*. *In re Apple Inc.*, 2020 WL 6554063, at *7; *In re Google,* 2015 WL 5294800 at *1-2. In the absence of a stay, Lyft would be harmed by potentially duplicative proceedings and inconsistent rulings. *See Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014). Indeed, if this case is transferred to the Northern District of California, that court has its own local rules and *Markman* procedures that differ from those employed by this Court. In addition, the transferee court may wish to conduct its own analysis and hearing, thus causing additional burden and expense upon Lyft to litigate duplicative issues before two different courts. Staying the case would eliminate this risk of undue hardship.

### 3. Factor Three: A Stay Will Conserve Judicial Resources

A stay pending a decision on the motions to transfer will conserve judicial resources as it eliminates the risk that *Markman* proceedings will be conducted twice in two different courts with different governing local rules. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected.") A stay also will alleviate the burden on this Court to decide transfer issues in the time available before the scheduled *Markman* hearing.

## III. CONCLUSION

Allowing this case to proceed through substantive claim construction proceedings before ruling on Lyft's motion to transfer would be contrary to the Federal Circuit and Fifth Circuit's guidance to prioritize motions to transfer. Conversely, entering a stay will conserve judicial resources and permit the Court more time to evaluate and decide Defendant's motion. Therefore,

this case should be stayed so transfer can be decided before other substantive issues are addressed.

Dated:  December 3, 2020

Respectfully submitted,

**FISH & RICHARDSON P.C.**

*/s/ Betty Chen*
Betty Chen
TX Bar No. 24056720 | bchen@fr.com
One Congress Plaza
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Facsimile: (512) 320-8935

Ruffin Cordell (*pro hac vice*)
TX Bar No. 04820550 | cordell@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Andrew Pearson (*pro hac vice*)
MA BBO #688709 | pearson@fr.com
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Aaron Pirouznia (*pro hac vice*)
TX Bar No. 24098958 | pirouznia@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

***COUNSEL FOR DEFENDANT***
***LYFT, INC.***

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Lyft reached out to Ikorongo on November 25, 2020 in a good-faith effort to resolve the matter presented herein. Counsel for Ikorongo stated on December 3, 2020 that Ikorongo opposes the instant Motion.

*/s/ Betty Chen*
Betty Chen

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Betty Chen*
Betty Chen